## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| AMIT SINHA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   24-cv-1059 |
| | ) | |
| BRADLEY UNIVERSITY, | ) | **Plaintiff demands trial by jury** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, AMIT SINHA, by and through his attorneys, JULIE L. GALASSI, BRYANT S. LOWE OF HASSELBERG, ROCK, BELL & KUPPLER, LLP, states the following for his COMPLAINT:

### PARTIES

1.     Plaintiff, Amit Sinha ("Sinha"), resides in Peoria County, Illinois.

2.     Defendant, Bradley University ("Bradley"), is an Illinois Not-For-Profit Corporation located in Peoria, Illinois.

### JURISDICTION AND VENUE

3.     Jurisdiction lies pursuant to Title 28, U.S.C., Section 1331, Title 29, U.S.C., Section 621, et seq., and Title VII, 42 U.S.C. 2000e, et seq. This is a civil action arising under the laws of the United States guaranteeing employees protection against retaliatory discriminatory treatment in employment because of their engagement in protected activities, namely filing suit for employment discrimination.

1

4. Charges of employment discrimination on the basis of sex and retaliation were filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the commission of the unlawful employment practice alleged herein.

5. The EEOC issued a Right to Sue letter on or about November 7, 2023. A true and correct copy of the Right to Sue Notices are attached as Exhibit A.

6. This Complaint has been filed within 90 days of receipt of the EEOC's Notifications of Right to Sue.

7. All acts and events alleged in this Complaint occurred in Peoria County, in the State of Illinois. This action is therefore based on claims that arose within this judicial district. Venue lies in this district pursuant to 28 U.S.C. §1391 and Local Rule 40 of the Central District of Illinois.

### FACTUAL ALLEGATIONS

8. Sinha was hired as an Assistant Professor by Bradley in August 2008.

9. In August 2012, Sinha was promoted to the position of an Associate Professor of Finance and in 2019 was promoted to the position of tenured Full Professor of Finance.

10. Sinha filed claims of discrimination and retaliation against Bradley on August 31, 2018 in the U.S District Court of Central Illinois. The litigation ended April 21, 2021.

2

11.    Sinha had conversations with Interim Dean O'Brien in April and May 2021 after Sinha inquired about plans for the department since Bradley had prevailed in the lawsuit Sinha had brought.

12.    Interim Dean O'Brien told Sinha that he had advocated for Sinha to Provost Zakahi in advising him Sinha is ready to be chair and the department is behind him.

13.    O'Brien said that Provost's only response was no, not him (Sinha).

14.    Provost Zakahi was involved in the litigation of Sinha's 2018 federal complaint.

15.    On January 26, 2022, Dean Gribb sent out an email to Finance Department members about an outside search for a chair of the department.  Sinha complained to Bradley HR and Legal Affairs that such a search, under the circumstances, would violate the faculty handbook. Dean Gribb was advised that the faculty handbook procedures would be followed to elect the Chair of the Department.

16.    On January 27, 2022, Dean Gribb told Sinha that under no circumstances would she ratify the upcoming election for chair of the department if Sinha won.

17.    On February 24, 2022, Sinha was unanimously elected by the faculty of the Finance Department to serve as Chairperson of the Department.

3

18. On February 25, 2022, Sinha was directed by Dean Gribb to prepare a document listing personal and professional activities undertaken to address the alleged toxicity in the Department.

19. On February 28, 2022, Dean Gribb was provided with the document she requested Sinha to prepare.

20. On March 4, 2022, Dean Gribb told Sinha that she would not ratify the election thereby denying Sinha the position of Department Chair. Dean Gribb's new explanation for refusing to ratify Sinha's election was because there were no professional development activities in Sinha's February 28, 2022 document.

21. Sinha's February 28, 2022 document did in fact contain professional development activities.

22. Dean Gribb's refusal to ratify the election violated the Faculty Handbook.

23. On March 4, 2022, Interim Dean Paul Stephens stated to Dean Gribb that professional development is not part of the requirement to become a chair. Stephens also told Dean Gribb that the existing faculty members of the department got along well and wanted Sinha to serve as chair. Dean Gribb still refused to ratify the election.

## COUNT I
### SINHA'S CLAIM OF A VIOLATION OF TITLE VII
### VIA RETALIATION
### 42 U.S.C. 2000e, *et seq.*

24. Sinha re-alleges and incorporates allegations 1-23 into this Count.

25. Sinha was denied promotion as Chair of the Finance Department.

26. The actions by Bradley and its agents described in this complaint were in retaliation for his engagement in protected activities pursuant to Title VII, namely the filing of a complaint alleging Bradley violated Title VII.

27. Sinha's denial of the position as Department Chair constitutes an adverse action.

WHEREFORE, Plaintiff, Amit Sinha, respectfully requests that this Court enter judgment in his favor and against Defendant, Bradley University, and grant the following relief:

A. An injunction requiring Defendant to reinstate Plaintiff in the position for which he was elected;

B. An injunction prohibiting Defendant from any further prohibited discrimination against Plaintiff;

C. Back pay that Plaintiff would have earned, together with related monetary benefits and interest thereon;

D. Compensatory damages in an amount determined at trial of this matter;

E. An award of Plaintiff's attorney fees, including legal expenses, and costs; and

F. Such further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

## COUNT II
### SINHA'S CLAIM OF A VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT VIA RETALIATION
### 29 U.S.C., Section 621, *et seq.*

28.     Sinha re-alleges and incorporates allegations 1-23 into this Count.

29.     Sinha was denied promotion as Chair of the Finance Department.

30.     The actions by Bradley and its agents described in this complaint were in retaliation for his engagement in protected activities pursuant to 29 U.S.C., Section 621, et seq., namely the filing of a complaint alleging Bradley violated the Age Discrimination Act.

WHEREFORE, Plaintiff, Amit Sinha, respectfully requests that this Court enter judgment in his favor and against Defendant, Bradley University, and grant the following relief:

A.     An injunction requiring Defendant to reinstate Plaintiff in the position for which he was elected;

B.     An injunction prohibiting Defendant from any further prohibited discrimination against Plaintiff;

C.     Back pay that Plaintiff would have earned, together with related monetary benefits and interest thereon;

D.     Compensatory damages in an amount determined at trial of this matter;

E.     An award of Plaintiff's attorney fees, including legal expenses, and costs; and

F.   Such further relief as the Court deems just and proper.

### PLAINTIFF DEMANDS TRIAL BY JURY

Amit Sinha,
Plaintiff

By: /s/ Julie L. Galassi_____
    One of his attorneys

JULIE L. GALASSI, ESQ. (ARDC No. 6198035)
BRYANT S. LOWE, ESQ. (ARCD No. 6342267)
HASSELBERG, ROCK, BELL & KUPPLER, LLP
Suite 200, Associated Bank Building
4600 N. Brandywine Drive
Peoria, Illinois 61614-5591
Telephone:  (309) 688-9400
Facsimile:   (309) 688-9430
Email: jgalassi@hrbklaw.com
        blowe@hrbklaw.com

7